**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Allan K. Marshall, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) CIVIL ACTION NO. 2:25-cv-06427-MKC |
| FIRST DATA, FISERV SOLUTIONS, LLC, and VASHTI RAMDEEN, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS FIRST DATA SERVICES LLC'S, FISERV SOLUTIONS, LLC'S, AND VASHTI RAMDEEN'S MOTION TO DISMISS**

107217769.6

**TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ................................................................................................. 1
II. ARGUMENT ........................................................................................................................ 2
    A. Plaintiff Fails to Plead Any Essential Element of a Breach-of-Contract Claim. ........... 2
        1. Plaintiff, Fiserv, and Ms. Ramdeen Are Not Parties to the Agreement. .................. 3
        2. Amendment Would be Futile Because Tenants LLC Cannot Plead Breach or Performance. ............................................................................................................ 4
    B. Plaintiff's Claim for Breach of Fiduciary Duty Fails Because No Fiduciary Relationship Exits. ........................................................................................................ 6
    C. Mail Fraud Is Not a Civil Cause of Action. .................................................................. 7
    D. Plaintiff's Fraud Claim Fails as a Matter of Law. ......................................................... 7
III. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................. 2

*Barrett v. City of Allentown*,
 152 F.R.D. 50 (E.D. Pa. 1993) ................................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 554 (2007) ................................................................................................................. 2

*Benex LC v. First Data Merch. Servs. Corp.*,
 No. 14-CV-6393(JS)(AKT), 2016 WL 1069657 (E.D.N.Y. Mar. 16, 2016) ............................ 6

*Blumenstock v. Gibson*,
 811 A.2d 1029 (Pa. 2002) ........................................................................................................ 8

*Com., Dep't of Transp. v. E-Z Parks, Inc.*,
 620 A.2d 712 (Pa. Commw. Ct. 1993) ..................................................................................... 6

*Douglas v. Kensington Cmty. Corp. for Individual Dignity*,
 775 F. Supp. 3d 881 (E.D. Pa. 2025) ....................................................................................... 1

*Electron Energy Corp. v. Short*,
 597 A.2d 175 (Pa. Super. Ct. 1991) ......................................................................................... 3

*Est. of Caruso v. Caruso*,
 322 A.3d 885 (Pa. 2024) .......................................................................................................... 3

*Ferdinand Drexel Inv. Co. v. Alibert*,
 723 F. Supp. 313 (E.D. Pa. 1989), *aff'd*, 904 F.2d 694 (3d Cir. 1990) .................................... 7

*Frederico v. Home Depot*,
 507 F.3d 188 (3d Cir. 2007) ..................................................................................................... 7

*Freedom Properties, L.P. v. Lansdale Warehouse Co., Inc.*,
 No. 06-5469, 2007 WL 2254422 (E.D. Pa. Aug. 2, 2007) ....................................................... 7

*Gibbs v. Ernst*,
 647 A.2d 882 (Pa. 1994) .......................................................................................................... 8

*Joyce v. Erie Ins. Exch.*,
 74 A.3d 157 (Pa. Super. Ct. 2013) ........................................................................................... 5

*LEM 2Q, LLC v. Guar. Nat. Title Co.*,
   144 A.3d 174 (Pa. Super. Ct. 2016) ................................................................................. 8

*LSI Title Agency, Inc. v. Evaluation Servs., Inc.*,
   951 A.2d 384 (Pa. Super. Ct. 2008) ................................................................................. 5

*McCausland v. Wagner*,
   78 A.3d 1093 (Pa. Super. Ct. 2013) ............................................................................ 2, 5

*In re McClellan's Est.*,
   75 A.2d 595 (Pa. 1950) .................................................................................................... 9

*Northview Motors, Inc. v. Chrysler Motors Corp.*,
   227 F.3d 78 (3d Cir. 2000) .............................................................................................. 5

*Office of Disciplinary Counsel v. Allan K. Marshall*,
   Case No. 136 DB 2019 (Pa. Feb. 12, 2021) .................................................................... 3

*Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*,
   28 F. Supp. 2d 947 (E.D. Pa. 1998) ................................................................................ 6

*Walacavage v. Excell 2000, Inc.*,
   331 Pa. Super. 137, 480 A.2d 281 (Pa. Super. Ct. 1984) ............................................... 3

*Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*,
   736 F. App'x 274 (2d Cir. 2018) ..................................................................................... 6

**Statutes**

18 U.S.C. § 1341 ..................................................................................................................... 7

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ..................................................................................... 8

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 1

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants First Data Merchant Services LLC ("First Data")[1], Fiserv Solutions, LLC ("Fiserv"), and Vashti Ramdeen (collectively, "Defendants"), hereby file this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim respectfully showing the Court as follows:

## I.   FACTUAL BACKGROUND

Plaintiff is "principal shareholder of Attorney for Tenants, LLC ("Tenants LLC"). On September 26, 2024, Tenants LLC entered into a Merchant Processing Agreement with First Data (the "Agreement") to enable it to accept credit card payments for "Legal Services". (Compl. ¶¶ 1, 5, 6; Agmt. § 3, attached as **Exhibit A**.)[2] Shortly thereafter, several of Tenants LLC's clients initiated chargebacks[3] (reversals) of their transactions with Tenants LLC. On December 6, 2024, First Data terminated the Agreement and advised Tenants LLC that First Data had "established a Reserve Account" under the terms of the Agreement, which First Data would hold until "after the expiration of all chargeback periods and after [First Data] determined that there will be no further exposure or liability to [it] arising from the transactions" Tenants LLC had submitted. (Compl., Ex. 101.)

Plaintiff's claims appear to be based upon his contention that Defendants improperly held funds and offset some of those funds for chargebacks. Notwithstanding the clear language of the

---

[1]   Defendant First Data Merchant Services LLC is improperly named in this action as "First Data."

[2]   In deciding a motion to dismiss, the Court may consider materials relied on in the complaint without converting it into a motion for summary judgment. *Douglas v. Kensington Cmty. Corp. for Individual Dignity*, 775 F. Supp. 3d 881, 891 (E.D. Pa. 2025) ("when a document attached to a motion to dismiss is integral or explicitly relied upon in the complaint, the document can be considered without converting the motion into one for summary judgment").

[3]   As explained in the Agreement, "there are many reasons why a Chargeback may occur." (Agmt. § 6.) For example, a chargeback may occur when a cardholder does not receive or is unsatisfied with the services it purchased.

1

Agreement, Plaintiff (not Tenants LLC) sues First Data, Fiserv, and Ms. Ramdeen for breach of contract, breach of fiduciary duty, and fraud.

## II.     ARGUMENT

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555-56 (2007). Plaintiff must include "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. A complaint that asserts "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor can a complaint survive if it is based upon "naked assertion[s] devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678. Further, a court should not consider legal conclusions in determining whether the complaint has stated a claim for relief. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted). Here, the Agreement defeats all of Plaintiff's causes of action. Accordingly, this case should be dismissed in its entirety.

### A.     Plaintiff Fails to Plead Any Essential Element of a Breach-of-Contract Claim.

To plead a breach-of-contract claim, Plaintiff must allege the existence of the contract, a breach of a duty imposed by the contract, and his own compliance with the terms of the contract. *McCausland v. Wagner*, 78 A.3d 1093, 1101 (Pa. Super. Ct. 2013). Here, Plaintiff's breach-of-contract claim fails because Plaintiff is not a party to the Agreement. And, even if Plaintiff amended to name the correct party (Tenants LLC), such amendment would be futile because: (1) First Data's conduct was expressly permitted by the Agreement; and (2) Tenants LLC failed to comply with the terms of the Agreement.

2

1. **Plaintiff, Fiserv, and Ms. Ramdeen Are Not Parties to the Agreement.**

Plaintiff's breach-of-contract claim fails because Plaintiff is not a party to the Agreement. (Compl. ¶ 1 (Plaintiff is "principal shareholder of Attorney for Tenants, LLC"); Agmt. §§ 1, 2, & 6 (*Attorney for Tenants, LLC* is the contracting party to the Agreement with Plaintiff listed as "Owner/Partner/Officer")); *Est. of Caruso v. Caruso*, 322 A.3d 885, 892 (Pa. 2024) ("only those who are parties to a contract . . . have a legal interest which they can enforce").The Complaint does not explain why Plaintiff, allegedly "the principal shareholder" of Tenants LLC, is identified as the Plaintiff. However, Plaintiff is suspended from practicing law in the Commonwealth and therefore cannot represent Tenants LLC.[4] *Walacavage v. Excell 2000, Inc*., 480 A.2d 281, 284 (Pa. Super. Ct. 1984) ("a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control")[5].

Defendants Fiserv and Ms. Ramdeen also are not parties to the Agreement. (*See* Compl. ¶ 5 (alleging that Merchant contracted with First Data for the merchant processing services); Agmt. § 9 (listing First Data as processor and Pathward, N.A. as acquiring bank).) As such, all claims against Fiserv and Ms. Ramdeen for alleged breach of the Agreement fail as a matter of law. *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991) ("It is fundamental

---

[4] On February 21, 2021, the Pennsylvania Supreme Court entered an order adopting the Report and Recommendations of the Disciplinary Board and suspended Plaintiff from the practice of law for thirty months. *Office of Disciplinary Counsel v. Allan K. Marshall*, Case No. 136 DB 2019 (Pa. Feb. 12, 2021) (finding that Plaintiff "refuses to . . . promptly refund unearned fees"). According to the Disciplinary Board website, Plaintiff is still suspended from practicing law. https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/35990 (last visited on November 18, 2025).

[5] This rule holds even if the corporation has only one shareholder. *Walacavage*, 480 A.2d at 284.

contract law that one cannot be liable for a breach of contract unless one is a party to that contract.").

### 2. Amendment Would be Futile Because Tenants LLC Cannot Plead Breach or Performance.

Second, even if this suit was filed on behalf of Tenants LLC, the asserted claims would fail for at least two reasons.

*First*, the Complaint does not properly state a claim for breach of contract because the Agreement specifically allows First Data to hold funds when a customer disputes a charge. Although Plaintiff alleges that First Data breached the agreement by failing to "pay Mr. Marshall on time" and "violated the covenant of Good Faith and fair dealing" (Compl. ¶¶ 43, 45), the Agreement permits First Data to hold funds in its "sole discretion" based upon Tenants LLC's "processing history and the potential risk of loss" to First Data. (Agmt. § 8.6.15.) The Agreement also provides that First Data may hold funds to protect against loss of chargebacks, which are Tenants LLC's sole responsibility. (*Id.* §§ 6.2 ("[Tenants LLC is] liable for Chargebacks and there are many reasons why a Chargeback may occur."); 8.6.7.2 ("[Tenants LLC is] obligated to reimburse [First Data] . . . for . . . all . . . Chargebacks and adjustments relating to transactions that [Tenants LLC] submit[s] for processing"); 8.6.4.5 ("[Tenants LLC's] right to receive any amounts due or to become due from [First Data] is expressly subject and subordinate to Chargeback, setoff, lien, security interest and our rights to withhold settlement funds under this Agreement without regard to whether such Chargeback, setoff, lien, security interest and the withholding of settlement fund rights are being applied to claims that are liquidated, unliquidated, fixed, contingent, matured or unmatured.").) The Agreement permitted First Data to establish a reserve to satisfy any potential obligation related to the chargebacks. (Compl., Ex. 101.) As the Complaint acknowledges, once

the risk of additional chargebacks was gone, First Data returned the remaining[6] funds to Tenants LLC. (Compl., Ex. 107.)

First Data did not breach any obligation under the Agreement or the implied covenant of good faith and fair dealing by establishing the reserve and offsetting chargebacks against the reserve. *Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 168 (Pa. Super. Ct. 2013) (breach of a duty imposed by the contract essential element for breach-of-contract claim); *LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 391 (Pa. Super. Ct. 2008) (breach of the covenant of good faith is subsumed in a breach of contract claim); *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91 (3d Cir. 2000) (duty of good faith "is not divorced from the specific clauses of the contract and cannot be used to override an express contractual term").[7]

***Second***, the breach of contract claim fails because Tenants LLC failed to comply with the Agreement's mandatory notice provision. The Agreement requires Tenants LLC to review its merchant statements "each month" to ensure proper settlement of its transactions. (Agmt. §8. 6.5.3.) The Agreement advises Tenants LLC that failure to do so results in waiver of claims:

> If you believe any adjustments should be made to your Settlement Account, [Merchant] must notify [First Data] in writing within 60 days after any debit or credit is or should have been effected. If [Merchant] notif[ies First Data] after 60

---

[6] Consistent with the terms of the Agreement, First Data only returned the remaining funds as a portion of the Reserve was used to pay "chargebacks and associated fees." (Compl., Ex. 107.)

[7] The Complaint also does not state a contract claim because Tenants LLC breached representations and warranties contained in the Agreement. *See McCausland*, 78 A.3d at 1101 ("[A] party who has materially breached a contract may not insist upon performance of the contract by the non-breaching party"). Specifically, with each transaction Tenants LLC submitted to First Data for processing, Tenants LLC represented and warranted the transaction: (1) was for a "genuine" sale of services "as described on" Tenants LLC's Agreement; (2) was not subject to any dispute; (3) was not the result of fraud; and (4) did "not violate the law of any applicable jurisdiction." (Agmt. § 6.8.1) When executing the Agreement, Tenants LLC represented that it would use First Data's services to process transactions for "Legal Services." (*Id.* § 3.) But it appears that "the principal shareholder" of Tenants LLC was not authorized to practice law during the duration of the Agreement. Accordingly, Tenants LLC breached representations and warranties contained in the Agreement.

days, [Merchant] agree[s] [First Data has] no obligation to investigate or effect any adjustments.

(*Id*. § 8.6.5.4.)

Plaintiff does not plead that Tenants LLC notified First Data of any issue within sixty days. To the contrary, the exhibits to the Complaint illustrate that Tenants LLC waited *ninety days* to dispute funding. (Compl. ¶ 13 (alleging payment was due February 1, 2025); Ex. 102 (Letter from Tenants LLC dated May 30, 2025).) Multiple courts have dismissed breach-of-contract claims for failure to comply with this same provision. *Benex LC v. First Data Merch. Servs. Corp*., No. 14-CV-6393(JS)(AKT), 2016 WL 1069657, at *4 (E.D.N.Y. Mar. 16, 2016) (dismissing claim for failure to comply with notice provision and finding that failure relieved the processor of any liability); *Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, 736 F. App'x 274, 276 (2d Cir. 2018) ("[P]laintiff's failure to comply with the Agreement's notice-of-claim provision, set forth in § 19.11 of the Program Guide, bars recovery for any breach of the Agreement."). Therefore, Plaintiff's the breach-of-contract claim fails as a matter of law.

> **B.    Plaintiff's Claim for Breach of Fiduciary Duty Fails Because No Fiduciary Relationship Exits.**

To state a claim for breach of fiduciary duty, Plaintiff must plead the existence of a fiduciary duty, which arises where "one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side, or weakness, dependence or justifiable trust, on the other." *Com., Dep't of Transp. v. E-Z Parks, Inc*., 620 A.2d 712, 717 (Pa. Commw. Ct. 1993). Significantly, a fiduciary duty does not arise solely out of "an arm[']s length business contract," like the Agreement. *Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc*., 28 F. Supp. 2d 947, 953 (E.D. Pa. 1998). As such, Plaintiff fails to plead existence of a fiduciary duty.

6

### C. Mail Fraud Is Not a Civil Cause of Action.

Plaintiff alleges that Defendants committed mail fraud. However, mail fraud is a criminal offense, not a civil cause of action. *Ferdinand Drexel Inv. Co. v. Alibert*, 723 F. Supp. 313, 327 (E.D. Pa. 1989), *aff'd*, 904 F.2d 694 (3d Cir. 1990). There is no private right of action exists for mail fraud under 18 U.S.C. § 1341. *Barrett v. City of Allentown*, 152 F.R.D. 50, 56 (E.D. Pa. 1993). Plaintiff's mail fraud claim must therefore be dismissed with prejudice.

### D. Plaintiff's Fraud Claim Fails as a Matter of Law.

Plaintiff's fraud claim fails for three reasons.

*First*, the gist of the action doctrine bars tort claims "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *Freedom Properties, L.P. v. Lansdale Warehouse Co., Inc.*, No. 06-5469, 2007 WL 2254422, at *5 (E.D. Pa. Aug. 2, 2007). "The doctrine requires that the court examine the claim to determine whether the 'gist' or gravamen of it sounds in contract or tort." *Id.*. Here, Plaintiff contends Defendants engaged in fraud by failing to "make payments in a timely manner then blam[ing] Mr. Marshall." (Compl. ¶ 22; *see also id.* ¶ 23.) But, absent the Agreement, there would be no obligation to "make payments in a timely manner." As such, Plaintiff's fraud claim is barred by the gist of the action doctrine.

*Second*, Plaintiff fails to plead fraud with the requisite particularity. When alleging fraud, Plaintiff must state with particularity the circumstances constituting fraud including the date, time, and place of the alleged fraud. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Here, the Complaint does not contain any such details.

7

***Third***, Plaintiff cannot plead a misrepresentation or reasonable reliance. To state a private cause of action for fraud, Plaintiff must plead with *particularity*: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Gibbs v. Ernst*, 647 A.2d 882 (Pa. 1994); Fed. R. Civ. P. 9(b).

Plaintiff alleges Defendants "failed [to] make payments in a timely manner then blamed Mr. Marshall." (Compl. ¶ 22; *see also id.* ¶ 23.) But even if a failure to make payments constitutes a misrepresentation (it does not), Plaintiff cannot plead reasonable reliance because, as explained, the Agreement permits First Data to hold funds to protect against risk. *Blumenstock v. Gibson*, 811 A.2d 1029, 1038 (Pa. 2002) (no *justifiable* reliance on representation that is explicitly contradicted by the terms of a fully integrated contract).

Plaintiff also alleges Defendants engaged in fraud by not providing a telephone number or specific employee name on their correspondence. (Compl. ¶¶ 29, 31.) But Plaintiff cannot cite any legal duty requiring Defendants to provide a telephone number or specific employee name on routine account correspondence. *LEM 2Q, LLC v. Guar. Nat. Title Co.*, 144 A.3d 174, 179 (Pa. Super. Ct. 2016) ("Where no affirmative duty of disclosure is owed, mere silence does not constitute fraud." (citations omitted).). Furthermore, Plaintiff does not plead that he somehow relied on the lack of contact information to his detriment.

Lastly, Plaintiff alleges that First Data's September 5, 2025 letter constituted fraud because it referenced chargebacks without providing specific details regarding the same. (Compl. ¶¶ 33-41.) Although a representation does not need to be in the form of a positive assertion, it must be

something calculated to deceive. *In re McClellan's Est.*, 75 A.2d 595, 598 (Pa. 1950). Once again, Plaintiff cannot allege *how* it relied on the absence of such specific detail to its detriment.

Accordingly, Plaintiff's fraud claims fail as a matter of law.

### III.  CONCLUSION

Because Plaintiff has not pled any cognizable cause of action, Defendants respectfully request the Court dismiss the action with prejudice.

Respectfully submitted,

POLSINELLI PC

By: */s/ Andrew J. Soven*
Andrew J. Soven (PA 76766)
1717 Arch Street, Suite 1200
Philadelphia, PA 19103
Tel.: (215) 267-3018
Fax: (215) 754-5199
asoven@polsinelli.com
*Attorneys for Defendants First Data Merchant Services LLC, Fiserv Solutions, LLC, and Vashti Ramdeen*

Dated:  November 20, 2025

9

## CERTIFICATE OF CONFERENCE

Although the pre-motion meet-and-confer requirements in the Court's Policies and Procedures do not apply to cases involving *pro se* litigants (Policies and Procedures Section II.E(4)), on November 14, 2025, counsel for Defendants sent an email to Plaintiff and informed Plaintiff of Defendnats' intent to file a motion to dismiss. On November 17 and November 18, Plaintiff contacted counsel for Defendants regarding discovery prematurely issued by Plaintiff, and counsel for Defendants reiterated that Defendants intended to file a motion to dismiss. In response, Plaintiff informed Defendant's counsel that the Complaint stated a claim for $1,000,000 in damages. Accordingly, Defendants acted in good faith to try to resolve the matter without motion practice.

*/s/ Andrew Soven*
Andrew Soven

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 20, 2025, I electronically filed the foregoing document and have confirmed that Plaintiff will receive a copy through the CM/ECF system.

            */s/ Andrew Soven*
            Andrew Soven

107217769.6