# The United States District Court
# For the Eastern District
# of Pennsylvania

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Allan K. Marshall,
Plaintiff                                   2:25-cv-06427-MKC
vs.
FIRST DATA, FISERV SOLUTIONS, LLC,
and VASHTI RAMDEEN,
Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff's Memorandum of Law
In Opposition to
Defendants' Motion to Dismiss

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


I. INTRODUCTION

Here is the response of the Plaintiff, Allan K. Marshall, to the

Defendants' Motion to Dismiss.

Their Motion improperly relies on factual assertions outside the

Complaint, mis-characterizes Plaintiff's allegations, and invokes legal

standards inconsistent with Rule 12(b)(6).

When the facts are viewed in the light most favorable to

Plaintiff—as required—the Complaint states claims for breach of

**1**

contract, breach of fiduciary duty, and fraud. The motion should be denied.

## II. FACTUAL BACKGROUND

Mr. Marshall, Plaintiff, accuses that Defendants:

- · wrongfully withheld his earned money

- · misrepresented or fabricated charge-backs,

- · failed to send him required documentation,

- · issued misleading correspondence, and

- · acted in bad faith in handling Plaintiff's money.

  These misconduct allegations must be accepted as true at this stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. LEGAL STANDARD

To survive dismissal, a complaint need only state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in Plaintiff's favor. Iqbal, 556 U.S. at 678.

Therefore, dismissal is inappropriate where competing factual interpretations exist, particularly concerning contract disputes. *Hosp. Council of W. Pa. v. City of Pittsburgh*, 949 F.2d 83, 87 (3d Cir. 1991).

## IV. ARGUMENT

### A. Plaintiff Has Standing to Bring This Action

Defendants incorrectly assert that only Attorney for Tenants, LLC may sue. Whereas, Mr. Marshall, Plaintiff, alleges **direct, personal financial injury** resulting from Defendants' conduct. This satisfies Article III standing.

### 1. Plaintiff Alleges a Direct, Personal Injury Traceable to Defendants

Standing exists where the plaintiff alleges:

1. **injury in fact**,

2. **causation**, and

3. **redressability**.

**3**

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

*A plaintiff must allege personal injury fairly traceable to the defendant's conduct. Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Plaintiff alleges that Defendants withheld funds owed to him, failed to communicate with him about any disputes, and misrepresented the reasons for embezzling the money that belongs to Mr. Marshall and as of now, they are claiming that they are entitled to embezzle Mr. Marshall' Money ($1,000.00) and they are asking this court to bless the embezzlement and theft. The exhibits 101 to 109 (mostly from Defendants) attached to the complaint provide information sufficient for standing.

**2. An Individual Owner May Sue for His Own Personal Injuries Even If an LLC Is Involved**

Defendants incorrectly argue that Plaintiff cannot sue because the LLC is the contracting party. But the Third Circuit is explicit: A non-lawyer may not represent an LLC, but **may appear pro se to**

**4**

**assert his own claims**.

Mr. Marshall is the real party in interest since the LLC is no longer in operation. The business has stopped operating. There is a unity of intentest. Any other interpretation is exalting form over substance. Mr. Marshall is not representing some minor children, but his own interest which are one and the same as the interests of LLC. It does not cause any harm to the Defendnat.

There is only one set of rights that accrue from the illegal and fraudulent actions of the defendants. Regardless of who enforces those rights, Defendants are not alleging that they would suffer any irreparable harm if Mr. Marshall enforces those rights. Mr. Marshall's LLC is not IBM– a corporation with millions of shareholders. Mr. Marshall is not representing IBM but his own LLC that he formed.

An LLc operates through its officers. All corporations act through their officers. So, Mr. Marshall is the only officer, the only shareholder

**5**

of this LLC (No longer operating). Also please see "Assignment of rights document attached to this filing. There is nothing ususal for Mr. Marshall to take personal responsibility to pursue the rights. Those rights,  for all practical purposes,  belong only to Mr. Marshall. See Rule 1 of FRCP.

Federal Rule of Civil Procedure 1 provides that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Courts routinely rely on Rule 1 to emphasize that litigation conduct that multiplies proceedings, causes unnecessary delay, or imposes needless cost runs contrary to the fundamental purpose of the Federal Rules. See, e.g., Gonzalez v. Exec. Airlines, Inc., 236 F.R.D. 73, 76 (D.P.R. 2006) (noting that Rule 1 reflects the judiciary's obligation to ensure efficient case management); In re PRTCE, Inc., 177 F.R.D. 39, 42 (N.D.N.Y. 1997) (relying on Rule 1 to curb unnecessary litigation tactics).

**6**

Here, the opposing party's conduct—Fraud upon Mr. Marshall and cover-up of the fraud in the pending Motion to Dismiss is an ode to chutzpah, the daring assertion of "catch me if you can" while I steal the money that belongs to Mr. Marshall.

Accordingly, Rule 1 of FRCP supports dismissal of the Motion of Defendants because dismissing the motion promotes efficiency, reduces unnecessary expense, and prevents further delay in the resolution of this action.

Unlike First Data, Defenandant #1, which is operating with nameless, faceless employees,(See Exhibit 101 attached to the complaint) Mr. Marshall should be commended for taking personal responsibility for his LLC. Mr. Marshall is not just standing behind his LLC, he is standing in front of his LLC.  Unlike First Data, Defenandant #1, where no one not a single officer, not a single employee was will to sign  Exhibit 101 attached to the complaint.

Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882–83 (3d Cir. 1991)

**7**

Standing turns on whether the plaintiff suffered a direct, personal injury: Standing exists where a plaintiff alleges a "**direct, personal injury independent of any injury to the corporation.**" *Drexel v. Union Prescription Ctrs., Inc.*, 582 F.2d 781, 786 (3d Cir. 1978).

Plaintiff alleges Defendants withheld settlement funds directed to him personally and made representations to him personally. Thus, he has standing even if the LLC also suffered harm.

**3. Mr. Marshall, Plaintiff, Is an Intended Third-Party Beneficiary of the Agreement.**

Even where an LLC is the named contracting party, an individual explicitly identified in the contract may enforce it as an intended beneficiary. Mr. Marshall signed the agreement and his name is in bold with a higher font size on the second last page of the Processing Agreement. Mr. Marshall is also the guarantor. Pennsylvania follows Restatement (Second) of Contracts § 302.

**8**

*Scarpitti v. Weborg*, 609 A.2d 147, 150 (Pa. 1992) (intended beneficiaries may enforce contracts).

*Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983) (same).

Because Plaintiff was identified as "Owner/Partner/Officer" and Defendants communicated directly with him regarding performance, he qualifies as an intended beneficiary.

**4. Standing Challenges Involving Disputed Facts Cannot Be Resolved on a Rule 12(b)(6) Motion**

Even if Defendants contested these facts (they do), dismissal would still be improper. Standing issues involving factual disputes cannot be resolved on a motion to dismiss.

*Hosp. Council of W. Pa.*, 949 F.2d at 86–87.

Where standing depends on disputed facts, dismissal under Rule 12(b)(6) is inappropriate. *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 897 (3d Cir. 1987).

Accordingly, Mr. Marshall, the  Plaintiff, has properly asserted standing.

**9**

.

## B. Plaintiff States a Claim for Breach of Contract

Defendants argue that the Agreement allowed them to withhold funds,

but Plaintiff alleges:

- Defendants withheld funds **without providing required documentation**,

- falsely claimed that charge backs existed,

- failed to remit funds **after charge back periods had expired**, and

- failed to act in good faith.

These allegations must be accepted as true. Competing

interpretations of contract language cannot be resolved on a motion to

dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426

(3d Cir. 1997).

Plaintiff also alleges that Defendants breached the implied

covenant of good faith and fair dealing, which exists in every

Pennsylvania contract. *Northview Motors, Inc. v. Chrysler Motors*

*Corp.*, 227 F.3d 78, 91 (3d Cir. 2000).

**10**

## C. Plaintiff States a Claim for Breach of Fiduciary Duty

Though merchant relationships are generally contractual, a fiduciary duty arises where one party controls the other's funds and the injured party relies on the fund-holder for honest accounting. Courts recognize fiduciary obligations where an entity holds reserve funds belonging to another. See *Basile v. H&R Block, Inc.*, 777 A.2d 95, 103 (Pa. Super. Ct. 2001).

Plaintiff alleges Defendants:

- controlled his funds,

- refused to release those funds,

- refused to provide details of alleged charge-backs,

- ignored written inquiries, and

    misrepresented the reasons for withholding.

    These facts state a violation of fiduciary-duty element.

## D. Plaintiff Adequately Pleads Fraud

Defendants incorrectly rely on the gist-of-the-action doctrine.

**11**

Pennsylvania courts allow fraud claims where:

- a defendant **misled the plaintiff about performance**, or engaged in **affirmative misrepresentations** independent of the contract.

*Bruno v. Erie Ins. Co.*, 106 A.3d 48, 70–71 (Pa. 2014).

Plaintiff alleges:

- Defendants sent misleading letters,

- falsely claimed charge backs existed,

- omitted key information to prevent inquiry,

- misrepresented the status of funds, and

- intentionally concealed the basis for withholding money.

These allegations identify the **who, what, when, where, and how** required under Rule 9(b). *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

.

**E. Mail Fraud Is Not Pled as a Separate Cause of Action**

Defendants argue that Plaintiff asserts a civil cause of action for mail fraud. He does not. The Complaint identifies mail-based fraudulent acts **as part of the overall fraud claim**, which Pennsylvania law permits. The Fraud claim survives.

.

## V. ALTERNATIVELY, LEAVE TO AMEND MUST BE GRANTED

Even if any portion of the Complaint were found deficient (it is not), dismissal with prejudice would be reversible error. Leave to amend is freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**VI.** Since the defendants have referred to so much of the materials outside the compliant the court may apply Federal Rule of Civil Procedure 12(d) (conversion of a Rule 12(b)(6) or 12© motion into summary judgment).

 Key 3d Circuit Rule 12(d) Cases

Case Summary  Holding (concerning Rule 12(d))

Rose v. Bartle, 871 F.2d 331 (3d Cir. 1989)  The seminal 3d Cir. case on

**13**

conversion: the court held that when a district court converts a motion to dismiss into a motion for summary judgment, it must give the parties "notice of the conversion" and a reasonable opportunity to present evidence under Rule 56. The court found that the district court's orders were ambiguous and did not provide unambiguous notice, so conversion was improper.

In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280 (3d Cir. 1999). The 3d Cir. reaffirmed that conversion must occur if the court considers extra-pleading material. It set out the three-part inquiry for appellate review: (1) whether materials submitted require conversion; (2) whether the parties had adequate notice; (3) if not, whether the lack of notice was harmless error.

PBGC v. White Consolidated Industries, Inc. 998 F.2d 1192 (3d Cir. 1993). The court held that a district court may examine an "undisputedly authentic document (The processing Agreement, in this case) that a defendant attaches as an exhibit to a motion to dismiss"

14

without converting to summary judgment — but only when the

plaintiff's claims are based on that document. In other words, 3d Cir.

recognizes narrow exceptions to mandatory conversion when the

document is integral to the complaint.

VII. Lack of Good Faith Efforts to Resolve

It should be pointed out that the defeats failed to make a good faith

effort to resolve the dispute. See Affidavit of Mr. Marshall.

VIII. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the

Court **deny Defendants' Motion to Dismiss in its entirety**, or

alternatively grant Plaintiff leave to amend.

Respectfully Submitted,

*Allan K. Marshall*

December 2, 2025                    Allan K. Marshall, Plaintiff

**15**

.

**Table of Authorities**

**Cases**

**Allocco v. City of Coral Gables**, 221 F. Supp. 2d 1317 (S.D. Fla. 2002)

*Cited for the principle that individual owners have standing when their injury is distinct from the entity's.*

**Basile v. H&R Block, Inc.**, 777 A.2d 95 (Pa. Super. Ct. 2001)

*Addressing fiduciary duties arising when one party controls another's funds.*

**Drexel v. Union Prescription Centers, Inc.**, 582 F.2d 781 (3d Cir. 1978)

*Leading Third Circuit authority: an individual has standing if he alleges a direct, personal injury independent of any corporate injury.*

**Foman v. Davis**, 371 U.S. 178 (1962)

*Leave to amend should be freely given.*

**Guy v. Liederbach**, 459 A.2d 744 (Pa. 1983)

*Pennsylvania adopts Restatement (Second) of Contracts § 302 governing intended third-party beneficiaries.*

**Hosp. Council of W. Pa. v. City of Pittsburgh**, 949 F.2d 83 (3d Cir. 1991)

*Standing issues involving factual disputes cannot be resolved on a motion to dismiss.*

**Kulick v. Pocono Downs Racing Ass'n**, 816 F.2d 895 (3d Cir. 1987)

*Standing challenges requiring factual findings cannot be resolved under Rule 12(b)(6).*

**Lujan v. Defenders of Wildlife**, 504 U.S. 555 (1992)

*Establishing the three constitutional standing elements: injury in fact, causation, redressability.*

**Marino v. Brown**, 357 F.3d 143 (1st Cir. 2004)

*Shareholders may sue for personal injuries distinct from the corporation's.*

**Osei-Afriyie v. Medical College of Pennsylvania**, 937 F.2d 876 (3d

Cir. 1991)

   *A person may appear pro se to assert his own claims but may not represent an LLC.*

**Pridgen v. Andresen**, 113 F.3d 391 (2d Cir. 1997)

   *Owners may sue for their own individual claims even though they cannot represent the corporation.*

**Roberts v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.**, 2020 WL 6940814 (E.D. Pa. Nov. 24, 2020)

   *Mr. Marshall, the Plaintiff, has standing where he contends that he suffered a personal financial injury when the defendants stole his money and now have the audacity to claim that money.*

**Scarpitti v. Weborg**, 609 A.2d 147 (Pa. 1992)

   *Intended third-party beneficiaries may enforce contracts.*

**Spokeo, Inc. v. Robins**, 578 U.S. 330 (2016)

   *Standing requires a concrete, particularized injury.*

**Warth v. Seldin**, 422 U.S. 490 (1975)

Standing requires a personal injury fairly traceable to the defendant's conduct..

**Constitutional Provisions**

U.S. CONST. art. III, § 2

*Defines federal judicial power and standing requirements..*

**Restatements**

RESTATEMENT (SECOND) OF CONTRACTS § 302 (1981)

Defines intended third-party beneficiaries; adopted by Pennsylvania Supreme Court.

**19**

# The United States District Court
## For the Eastern District
## of Pennsylvania

*************************************************************

Allan K. Marshall,
Plaintiff                        2:25-cv-06427-MKC
vs.
FIRST DATA, FISERV SOLUTIONS, LLC,
and VASHTI RAMDEEN,
Defendants.

*************************************************************

Order

*************************************************************

AND NOW THIS _____ DAY _____
Upon Consideration of Pleadings and/or Oral Argument

IT IS HEREBY ORDERED

That the Defendants' Motion to Dismiss be DENIED.

SO ORDERED        BY THE COURT

_____
                        Costello,
The United States District Court Judge

**20**