**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ALLAN K. MARSHALL, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| FIRST DATA, FISERV SOLUTIONS, LLC, and VASHTI RAMDEEN, | ) ) ) | CIVIL ACTION NO. 2:25-cv-06427-MKC |
| Defendants. | ) ) ) | |

**DEFENDANTS FIRST DATA SERVICES LLC'S,**
**FISERV SOLUTIONS, LLC'S, AND VASHTI RAMDEEN'S**
**REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants First Data Merchant Services LLC ("First Data")[1], Fiserv Solutions, LLC ("Fiserv"), and Vashti Ramdeen (collectively, "Defendants"), by their undersigned counsel, pursuant to Local Rule 7.1(c) and the Court's Policies and Procedures Rule II.E(1), file this Reply in Support of their Motion to Dismiss (the "Motion") and state as follows:

### I.    Plaintiff Lacks Standing.

Plaintiff argues at length that he has standing to sue. (Opp'n at 3-4, 7-8.) Although Plaintiff conflates Article III standing with the viability of his claims, his arguments fail on both fronts. A party only has standing if it is "aggrieved" by the actions complained of – that is, if its interest in the outcome of the litigation is substantial, direct, and immediate. *Takeda Pharms. U.S.A., Inc. v. Spireas*, 400 F. Supp. 3d 185, 205 (E.D. Pa. 2019). In the context of a breach-of-contract claim, a party is aggrieved (and therefore has standing) "only if they are a party to the contract at issue." *Id*. There is no dispute that Plaintiff did not enter into a contract with any of the Defendants. The

---

[1]    Defendant First Data Merchant Services LLC is improperly named in this action as "First Data."

contract at issue is between Tenants LLC and First Data.[2] Nonetheless, Plaintiff contends he has standing to sue.

### 1.    Tenants LLC is an Active Limited Liability Company.

First, Plaintiff contends that he has standing to bring this action because Tenants LLC is "no longer in operation." (Opp'n at 5.) However, this is either factually wrong or impermissibly vague. According to Pennsylvania Department of States records, Tenants LLC is an "active" limited liability company, with its status having been acknowledged on December 9, 2025 on the Pennsylvania Department of State's website and Plaintiff has submitted no evidence reflecting that it has been dissolved as a corporate entity. (Screenshot attached as **Exhibit A**.)[3] Accordingly, because Tenants LLC is an active LLC, Plaintiff's argument that he can stand in its shoes because it is not "operating" should be rejected.

Plaintiff's post-Motion effort to acquire the right to assert a claim on his own behalf by way of an assignment should also be rejected. On November 29, 2025, Plaintiff executed an assignment of "all of [Tenants LLC's] rights and duties and causes of action" to Plaintiff (the "Assignment").[4] (ECF No. 9-4 at 1.) But, to the extent the reactive Assignment includes the Agreement (which Defendants dispute)[5], the Agreement between Tenants LLC and First Data

---

[2]     Because Plaintiff has not been reinstated following a thirty-months suspension which ended on or around August 2023, he cannot represent a corporate entity. *Walacavage v. Excell 2000, Inc.*, 480 A.2d 281, 284 (Pa. Super. Ct. 1984). As a result, Plaintiff needs to find a way to permit him to bring this action on behalf of himself.

[3]     The Department of State's records are indisputably authentic and can be considered in connection with this Rule 12 Motion. *Gelormini v. City of Philadelphia*, No. 2:23-CV-04006-JDW, 2024 WL 1640985, at *2 n.2 (E.D. Pa. Apr. 16, 2024).

[4]     Plaintiff also fails to explain how a supposedly defunct entity could execute the purported Assignment.

[5]     The Assignment does not expressly mention the Agreement or the lawsuit.

requires First Data's *prior written consent* to any assignment. (Agmt. § 8.6.13.1 ("[a]ny attempt to transfer or assign this Agreement in whole or in part . . . without prior written consent . . . is prohibited and voidable").) First Data did not provide such consent, and therefore the Assignment is ineffective. *See CGU Life Ins. Co. of Am. v. Metro. Mortg. & Sec. Co.*, 131 F. Supp. 2d 670, 678 (E.D. Pa. 2001).

### 2.    Plaintiff Never Had A Right To Settlement Funds Under The Agreement.

Plaintiff next contends he can sue in his individual capacity because "Defendants withheld settlement funds directed to him personally." (Opp'n at 8; *also id.* at 4 (Defendants "owed to [Plaintiff]").) But, under the terms of the Agreement, First Data only owed obligations to the contracting entity – Tenants LLC – *not* Plaintiff. (Agmt. § 8.6.1.1 ("This Merchant Processing Agreement (the Agreement) is between the business identified in Section 1 and [First Data] and Bank."); § 8.6.4.1 ("As part of the Services, [First Data] will process transaction data received from [Tenants LLC] and facilitate the transfer of funds for [Tenants LLC's] Card sales to [Tenants LLC's] Settlement Account.").)[6] As such, Plaintiff cannot ignore corporate formalities, or use Rule 1 of the Rules of Civil Procedure,[7] to manufacture standing for himself. Relatedly, Plaintiff argues (without authority) that he is an intended third-party beneficiary because "where an LLC is named

---

[6]    Plaintiff argues that the Court must convert the Motion into one for Summary Judgment because it references the Agreement. (Opp'n at 13.) But as explained in the Motion, the Court may consider materials relied on in the complaint without converting the Motion into a motion for summary judgment. *Douglas v. Kensington Cmty. Corp. for Individual Dignity*, 775 F. Supp. 3d 881, 891 (E.D. Pa. 2025) ("when a document attached to a motion to dismiss is integral or explicitly relied upon in the complaint, the document can be considered without converting the motion into one for summary judgment"). Plaintiff references and relies upon the Agreement in his Complaint. (*E.g.*, Compl. ¶ 5.) In fact, the Agreement is the *sole* basis for Plaintiff's claims because but for the Agreement, no transactions would have been processed and charged back. Accordingly, the Court may consider the Agreement in deciding Defendants' Motion.

[7]    Plaintiff's reliance on Rule 1 of the Federal Rules of Civil Procedure (Opp'n at 6-7) is misplaced because the parties' and courts' responsibility for ensuring litigation is conducted in a just, speedy, and inexpensive manner does not "create substantive rights which do not otherwise exist." *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 694 (E.D. Pa. 1973).

as contracting party, an individual explicitly identified in the contract may enforce it as an intended beneficiary." (Opp'n at 8.) But merely naming a third party does not automatically confer a third-party beneficiary status. Instead, the contract must expressly set forth the parties' intention to *benefit* the third party. *Scarpitti v. Weborg*, 609 A.2d 147, 150 (Pa. 1992).

The Agreement identifies Plaintiff as the "Owner/Partner/Officer" of Tenants LLC. (Agmt. § 2.) The Agreement does not identify Plaintiff as a third-party beneficiary nor does it confer any benefit to Plaintiff, individually. To the contrary, the Agreement specifically disclaims the creation of any third-party beneficiaries. (*Id*. § 8.6.28.2 ("Except as expressly provided in this Agreement, a person who is not a party to this Agreement shall have no rights or remedies under this Agreement.").) Plaintiff is merely a guarantor whose rights and obligations are wholly contained within the terms of the guarantee – not the Agreement generally. *See Citizens Bank of Pennsylvania v. Fine Cap. Assocs., L.P.*, No. 1367 WDA 2013, 2014 WL 10558250, at *8 (Pa. Super. Ct. Nov. 25, 2014). Therefore, Plaintiff's third-party beneficiary argument fails as a matter of law.

## II.     Even If Plaintiff Were the Correct Party (He Is Not), Plaintiff Fails To Plead A Breach-Of-Contract Claim.

Plaintiff also fails to state a colorable claim for breach of contract. Even assuming Plaintiff had Article III standing (he does not), Plaintiff simply did not plead the most fundamental element of a breach-of-contract claim: the existence of a contract between Plaintiff and Defendants. *See McCausland v. Wagner*, 78 A.3d 1093, 1101 (Pa. Super. Ct. 2013).

Regardless, Plaintiff's breach-of-contract claim fails as a matter of law because: (1) Fiserv and Ms. Ramdeen are not parties to the Agreement; (2) the Agreement expressly permits First Data to engage in the conduct complained of; and (3) Plaintiff does not plead his or Tenants LLC's performance. (Mot. at 4-6.) Plaintiff does not even attempt to address Defendants' arguments. Accordingly, Plaintiff concedes these points, and the Court should dismiss the breach-of-contract

4

claim. *Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue").

## III.    Plaintiff Does Not Plead Sufficient Facts to Prove a Fiduciary Relationship.

Plaintiff contends Defendants owed him a fiduciary duty merely because Defendants controlled the settlement funds. (Opp'n at 11.) But holding funds – without more – is insufficient to create a fiduciary duty. Indeed, in the very case Plaintiff cited, the Court explained that a fiduciary duty only arises when "one occupies toward another such a position of advisor or counsellor as reasonably to inspire confidence that he will act in good faith for the other's interest." *Basile v. H & R Block, Inc.*, 777 A.2d 95, 102 (Pa. Super. Ct. 2001). Here, Plaintiff makes no such allegations. Indeed, Plaintiff alleges nothing more than an arm's length business contract between Tenants LLC and First Data. (Compl. ¶ 5; Mot. at 1; Agmt.) This is insufficient as a matter of law. *Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*, 28 F. Supp. 2d 947, 953 (E.D. Pa. 1998).

## IV.    Plaintiff's Insufficiently Plead Fraud Claim Is Barred.

Defendants request the Court dismiss Plaintiff's fraud claim for three reasons.

*First,* Plaintiff's fraud claim is barred by the gist-of-the-action doctrine. To refute this, Plaintiff cites (without explanation) *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014). (Opp'n at 12.) But *Bruno* actually *supports* Defendants' argument. In *Bruno*, the Pennsylvania Supreme Court explained that when a complaint alleges conduct that substantially amounts to a failure to perform contractual duties, the claim sounds in contract, not tort. *Id*. at 63. And, here, Tenants LLC's entire relationship necessarily arises out of the Agreement because without the Agreement, First Data

5

would not have processed any transactions that were ultimately charged back. (Compl. ¶ 5.) Accordingly, all conduct Plaintiff complains of as "misle[a]d[ing] the plaintiff about performance, or engag[ing] in affirmative misrepresentations" is nothing more than claims that First Data did not perform as promised under the Agreement. (Opp'n at 12; Compl. ¶ 22 (alleging failure to "make payments in a timely manner); *id*. ¶¶ 29, 31 (alleging Defendants didn't provide contact details); *id*. ¶¶ 33-41 (alleging Defendants did not sufficiently notify Tenants LLC of chargebacks that occurred).) Accordingly, Plaintiff's fraud claim is barred by the gist-of-the-action doctrine.

*Second,* Plaintiff failed to plead his claim with the requisite particularity. (Mot. at 7); Fed. R. Civ. P. 9(b). Plaintiff does not substantively address this argument and therefore, Plaintiff waived any opposition. (*See* Opp'n at 12); *Markert v. PNC Fin. Servs. Grp., Inc*., 828 F. Supp. 2d at 773.

*Third*, Plaintiff does not plead a misrepresentation or reasonable reliance. (Mot. at 8-9.) Plaintiff's Opposition does not address these arguments and therefore, Plaintiff's waived any opposition. *Id*.

Accordingly, Plaintiff's fraud claim fails as a matter of law.

## V.    Conclusion.

For the foregoing reasons, Defendants respectfully request the Court enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

By: */s/ Andrew J. Soven*
Andrew J. Soven (PA 76766)
Polsinelli PC
1717 Arch Street, Suite 1200
Philadelphia, PA 19103
Tel.: (215) 267-3018
asoven@polsinelli.com
*Attorneys for Defendants First Data Merchant Services LLC, Fiserv Solutions, LLC, and Vashti Ramdeen*

DATED: December 9, 2025