**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALLAN K. MARSHALL,**<br>*Plaintiff,*<br><br>**v.**<br><br>**FIRST DATA, FISERV SOLUTIONS, LLC, and VASHTI RAMDEEN,**<br>*Defendants.* | **Civil No. 25-6427** |

# MEMORANDUM

**Costello, J.** **September 16, 2026**

Pro se Plaintiff Allan K. Marshall sued Defendants First Data Merchant Services LLC, Fiserv Solutions, LLC, and Vashti Ramdeen, an employee of Fiserv, for breach of contract, breach of fiduciary duty, and fraud. Marshall is the sole shareholder of Attorney for Tenants, LLC ("the LLC"). The LLC contracted with Defendant First Data for credit card processing services for payments made to the LLC by clients. First Data later terminated the contract and temporarily withheld $1,900 from the LLC to cover potential chargebacks. Marshall claims that the withholding of these funds was the result of a conspiracy among Defendants to "rip [him] off." Compl. ¶ 3 (ECF No. 1-5). Defendants moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Marshall was not a party to the contract with First Data or an intended beneficiary, he lacks standing to bring this lawsuit. Accordingly, the Court will grant Defendants' motion to dismiss.

## I. BACKGROUND

The LLC entered into a contract with Defendant First Data on September 26, 2024 to enable the LLC to accept credit card payments. Mem. in Support of Defs.' Mot. to Dismiss at 5

(ECF No. 8-1). First Data terminated the contract on December 6, 2024 and retained $1,900 until the expiration of all chargeback periods. ECF No. 1-5 at 12. The LLC sent several letters to First Data requesting a refund of its $1,900. *Id.* at 13-14, 17. On September 5, 2025, Defendant Fiserv mailed a check for $900 to the LLC, noting that two chargebacks had reduced the balance. *Id.* at 18.

In response, Marshall filed suit in the Philadelphia Court of Common Pleas on October 17, 2025. *Id.* at 2, 10. On November 13, 2025, Defendants removed the case here and promptly filed their motion to dismiss. *See id.* After Defendants filed their motion, Marshall purportedly caused the LLC to assign its "rights and duties and causes of action" to him. Assignment of Rights at 1 (ECF No. 9-4).

## II. LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts sufficient to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. DISCUSSION

To establish standing — and, therefore, a district court's subject-matter jurisdiction over a putative lawsuit — a plaintiff must allege (1) "an injury in fact," that is, the "invasion of a legally protected interest"; (2) "a causal connection between the injury and the conduct

complained of"; and (3) that it is "likely . . . that the injury will be redressed by a favorable decision." *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 234 (3d Cir. 2024) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

A plaintiff has standing to bring a breach of contract claim only if the plaintiff is a party to the contract at issue. *Takeda Pharms. U.S.A., Inc. v. Spireas*, 400 F. Supp. 3d 185, 205 (E.D. Pa. 2019). Marshall is not a party to the contract here. Instead, First Data contracted with the LLC. Agreement (ECF No. 8-2). Marshall's status as the primary shareholder of the LLC does not make him a party to that contract. *SJ Abstract v. Old Republic Nat'l Title Ins. Co.*, No. 21-1334, 2021 WL 4847803, at *3 (E.D. Pa. Oct. 14, 2021) ("Pennsylvania law makes clear that even the sole member of a limited liability company ('LLC') is *not* automatically a party to the company's agreements."); *See* 15 Pa. Const. Stat. § 8991(b) (2014) ("A member of a company is not a proper party to an action or proceeding by or against the company.").

Marshall contends that the LLC is no longer operational and therefore the contract rights belong to him. Pl.'s Mem. in Opp'n at 5-6 (ECF No. 9). This is incorrect. According to the Pennsylvania Department of State, the LLC is still active. Defs.' Reply at 2 (ECF No. 10). Moreover, the LLC will remain inactive unless it is dissolved through the filing of a certificate of termination and all its assets are liquidated. 15 Pa. Cont. Stat. § 8878(b).

Plaintiff also claims that he was an intended beneficiary of the contract because he signed the contract on behalf of the LLC and was its guarantor. ECF No. 9 at 8. This argument is also meritless. "To attain third-party beneficiary status under Pennsylvania law, either (1) both parties to the contract must have affirmatively expressed an intention in the contract itself that the third party be a beneficiary, or (2) the circumstances must be so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties and the performance

must satisfy an obligation of the promisee to the beneficiary." *Anatomic & Clinical Lab'y Assocs., P.C. v. Cigna Health & Life Ins. Co.*, No. 23-3834, 2025 WL 609194, at *8 (E.D. Pa. Feb. 25, 2025) (citing *Bunis v. Masha Mobile Moving & Storage, LCC*, 674 F. Supp. 3d 186, 194 (E.D. Pa. 2023)). Marshall has made no such showing here.

First, the contract contains no provision naming Marshall as a third-party beneficiary. On the contrary, the contract includes a provision disclaiming any such intention: "Except as expressly provided in this Agreement, a person who is not a party to this Agreement shall have no rights or remedies under this Agreement." Agreement § 6.28.2 (ECF No. 8-2 at 20). Such provisions effectively exclude third parties from invoking rights or remedies under the contract. *Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp. 2d 515, 527-28 (E.D. Pa. 2011).

Second, Marshall's status as guarantor and signatory on behalf of the LLC is not sufficient to meet standing requirements. *See Borough of Berwick v. Quandel Grp. Inc.*, 655 A.2d 606, 608 (Pa. Super. 1995) (holding mere guarantors do not have standing to sue for breach of contract); *Trett Texas LLC v. Pitney Road Partners, LLC*, No. 11-6511, 2015 WL 5737571, at *3 (E.D. Pa. Sept. 30, 2015) ("It is axiomatic that the mere fact that an individual has signed a contract in his capacity as an officer or employee of an entity does not bind him personally to that contract.").

Finally, the LLC's recent assignment of "all of its rights and duties and causes of action" to Marshall, (ECF No. 9-4 at 1), cannot save Marshall's Complaint. This assignment was only executed after Defendants filed their Motion to Dismiss. *Id.* As an initial matter, Marshall cannot amend his Complaint through his response to the motion to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). In any event, a plaintiff must

have standing "at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Therefore, an assignment of legal rights that occurs after the commencement of litigation cannot confer standing. *Berger v. Weinstein*, No. 07-994, 2008 WL 3183404, at *3 n.4 (E.D. Pa. Aug. 6, 2008). Accordingly, Marshall lacked standing to bring this lawsuit. Because Marshall lacked standing at the commencement of the litigation, amendment of his Complaint would be futile.[1] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) ("[P]laintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile.").

## IV. CONCLUSION

Marshall is not the aggrieved party in this dispute. The Complaint arises from the relationship between First Data and the LLC. Marshall did not hold the rights of the LLC at the time of filing. Therefore, he lacks standing to bring claims for breach of contract, breach of fiduciary duty, and fraud against Defendants for conduct allegedly perpetrated against the LLC. As a result, this Court lacks subject matter jurisdiction and will grant Defendant's motion to dismiss without leave to amend. An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge

[1] It is also worth noting that the contract requires First Data's prior written consent to any assignment. Agreement § 6.13.1 (ECF No. 8-2 at 14). Marshall has not alleged or established any such consent on the part of First Data.